RAMÓN MARTÍNEZ DE LEÓN, Petitioner and Appellee, *v.* JOSÉ ENRIQUE COLOM, COMMISSIONER OF THE INTERIOR OF PUERTO RICO, Respondent and Appellant.

No. 6785. Argued April 7, 1937.—Decided April 30, 1937.

404

B. *Fernández García, Attorney General,* and *Emilio de Aldrey, Deputy Attorney General,* for appellant. *Angel M. Villamil* for appellee.

Mr. Justice Córdova Dávila delivered the opinion of the court.

Ramón Martínez de León was a permanent employee of the Department of the Interior of Puerto Rico within the Classified Civil Service from July 1, 1927, when he assumed the duties as Resident Inspector in charge of the urbanization works of the lands reclaimed from the sea in Puerta de Tierra, at a salary of $3,000 per annum. In 1932, the then Assistant Commissioner requested an authorization from the Civil Service Commission to promote him to the office of Surveyor, at an annual salary of $1,800. The authorization was not granted. The pertinent part of the communication addressed on that occasion to the Commissioner of the Interior by the Chairman of the Commission, reads as follows:

". . . . . I beg to inform you that said promotion cannot be granted until the aforesaid Mr. Martínez de León takes and passes a noncompetitive test to fill the said position of Surveyor. Consequently, allow me to suggest that you direct that the required questionnaires on the corresponding subject be prepared as soon as possible."

The Assistant Commissioner of the Interior then requested authorization from the commission to make a provisional appointment in favor of Martínez de León as Surveyor of the Division of Public Lands and Archives of said Department until March 31, 1932, at a salary of $1,800 per annum.

The commission granted the request, and it was stated that it authorized said appointment up to March 31, 1932, until Martínez de León should pass the noncompetitive test for said position.

Although this promotion seems to be a strange one, since there is involved a position the salary of which is much smaller than that which was paid to the petitioner as an inspector, the fact is that both the Civil Service Commission and the Department of the Interior consider that the position of surveyor is of a higher grade than that of inspector. The petitioner explains that when the funds became exhausted and there was no more money available, upon a reorganization of the Division of Public Lands, he consented to fill the position of surveyor at a monthly salary of $150.

After the term of the provisional appointment had expired without Martínez having taken the above-mentioned test, the Department of the Interior requested and obtained an authorization from the commission to extend the term for three additional months. Afterwards it requested and obtained successive extensions which were also granted. On July 11, 1933, the Assistant Commissioner of the Interior requested the commission to authorize an extension of said appointment at a salary of $1,539, as from July 1st of said year, and for such time as might be necessary to select a candidate from the certification of eligibles for which he applied. The Commission authorized the extension requested up to August 31, 1933, until Martínez should take and pass the aforesaid test. The provisional appointment made in favor of Martínez de León was therefore extended on several occasions at the request of the Department and with the approval of the Civil Service Commission, without his having taken or passed the test required by the commission as a condition precedent to the issuance in his favor of a permanent appointment to said position.

On August 19, 1933, the Department of the Interior renewed its application to the commission for a certification

of eligibles for the purposes of filling the aforesaid position. Three days afterward the Chairman of the Commission sent a communication to Martínez through the Commissioner of the Interior, summoning him to appear not later than the 31st of said month to take the examination. On that same date, it answered the communication of the Commissioner of the Interior dated August 19, informing him that it was not possible to send the requested certification of elegibles to fill the vacancy of Surveyor in the Division of Public Lands and Archives until Martínez should take and pass the non-competitive test, and advising him further that Martínez had already been given notice to take said test.

In answer to a telegraphic message sent to him on August 24, by the Assistant Commissioner of the Interior, Martínez de León appeared on the day following the receipt of said telegram, in order that the day and hour for taking the test should be set. The Chairman of the Commission set the said test for Friday, September 1, 1933, at 8:00 o'clock in the morning, offering Martínez to extend the term until September 30, so that he could continue holding said position until he would take the test.

While Martínez was in the office of the Commissioner taking said test, he received a communication from the Commissioner of the Interior notifying him of his discontinuance in office due to the expiration of the term of his last provisional appointment which had been extended with the consent of the commission. On the same day the Chairman of the Commission had sent a communication to the Commissioner of the Interior notifying him that he had extended the provisional appointment in question until September 30. In answer to this communication, the Commissioner of the Interior sent another one to the Chairman of the Commission, informing him that the services of Martínez de León had been discontinued as from August 31, and that inasmuch as the Department had not requested a new extension of the appointment of said employee, he did not deem it proper to take into con-

sideration the one granted by the commission extending said appointment until September 30, 1933.

Having satisfactorily passed the test, Martínez sought his reinstatement in office, which the Commissioner of the Interior refused to approve.

Such refusal has given rise to the petition herein, which was granted by the District Court of San Juan, through the issuance of a peremptory writ of mandamus against the respondent, commanding him to reinstate the petitioner in said office and to send to the Auditor of Puerto Rico the pay-roll corresponding to the salaries which said petitioner had failed to receive as surveyor, from September 1st until the day of his reinstatement in the said office.

 The district court erred in holding that the Commissioner of the Interior had acted arbitrarily in suspending the petitioner from the office of surveyor which he filled in the Department of the Interior. In reality the Commissioner of the Interior did not remove the appellee. The term of the provisional appointment expired on August 31, 1933. No authorization was sought from the Civil Service Commission to extend the appointment, as the head of department confined himself to serving notice on his subordinate that beginning from the above-mentioned date his services would be discontinued.

The documents admitted in evidence clearly show that the instant case does not involve a suspension or removal from the office filled by the petitioner. The fact is that after the term for which the latter was appointed had expired, the Commissioner of the Interior refrained from making a new appointment in his favor.

On July 11, 1933, the Assistant Commissioner of the Interior sent the following letter to the Chairman of the Civil Service Commission:

"We hereby request authorization to extend the provisional appointment of Ramón Martínez de León as Surveyor of the Division of Public Lands and Archives, at an annual salary of $1,539,

effective from July 1st and for such time as may be necessary to select a candidate from a certification of elegibles, application for which is enclosed herewith.''

In answer to the preceding letter, the Chairman of the Commission sent the following communication to the Commissioner of the Interior, dated August 10, 1933:

''Pursuant to the request in your letter of July 11, 1933, and in accordance with the Puerto Rican Civil Service Rule XXXVI, I have the honor to inform you that the extension of the provisional appointment of Ramón Martínez de León, as Surveyor in the Division of Public Lands and Archives, at an annual salary of $1,539, has been authorized for the term from July 1 to August 31, 1933, pending his taking and passing a noncompetitive test for promotion.''

On August 31, 1933, the Commissioner of the Interior wrote to the appellee the following letter:

''As the extension of your provisional appointment as Surveyor in the Division of Public Lands and Archives of this Department has expired on this day, August 31, 1933, I beg to inform you that your services will not be utilized henceforth.''

It is true that the Commissioner of the Interior must request authorization from the Civil Service Commission, in order to extend the term of a provisional appointment for more than four months or to make a new provisional appointment in favor of a person during any fiscal year, and that the commission has power in its discretion to grant or refuse such authorization; but nowhere in the law is there to be found any provision compelling the commissioner to request a new extension or a new appointment once the term of the previous extension or provisional appointment has expired.

In the instant case, it appears from the document above transcribed that the last extension of the provisional appointment of the appellee, which was requested by the Department of the Interior and approved by the commission, was issued for the term from July 1 to August 31, until the appellee should take and pass a noncompetitive test for promotion.

It does not appear from the record that the Commissioner of the Interior is responsible for the fact that the appellee has not taken the test within the said term, or for his failure to take it during the year and a half that had elapsed from the date on which the first provisional appointment was made in his favor. On August 22, the Chairman of the Commission sent to the appellee a communication through the Commissioner of the Interior, directing him to appear at the office of the former to take the test before August 31. On August 24, the Assistant Commissioner of the Interior sent the appellee a telegram to the same effect. The appellee appeared at the office of the Chairman of the Commission on August 25. However, the Chairman of the Commission set the examination for September 1, 1933, or one day after the expiration of the term for which the last provisional appointment had been made. On September 1st, the commission addressed the following communication to the Commissioner of the Interior:

"Referring again to your communication above numbered, dated July 11, 1933, I have the honor to inform you that authorization is hereby granted for the extension of the provisional appointment of Rafael Martínez de León (sic) as Surveyor, Division of Public Lands and Archives, at an annual salary of $1,539, for the period from September 1 to September 30, 1933, which employee is taking today the noncompetitive test for promotion, referred to in our letter of August 22, 1933, to the Hon. Commissioner of the Interior. Please make arrangements so that an officer of that Department may come to rate the subjects of the aforesaid noncompetitive test."

It is important to bear in mind that the letter dated July 11, 1933, addressed by the Assistant Commissioner of the Interior to the Chairman of the Civil Service Commission, was answered on August 10 of the same year, the extension requested by the head of the department being granted until August 31, 1933. Now, on the first day of September, after the expiration of the term of the provisional appointment made in favor of the petitioner, the Chairman of the Com-

mission wrote again to the Commissioner, stating that the appointment had been extended until September 30, 1933. Had the Civil Service Commission the right to issue a new extension after having answered a communication of the head of the department granting the aforesaid extension for a fixed term? How many times can the Civil Service Commission act upon a communication which a head of department addresses to it in regard to the granting of an extension? If it can do so a second time, the fact must be acknowledged that it is also authorized to act any number of times it may deed proper and this would amount to conferring upon the Civil Service Commission a power which in reality it lacks. It is incumbent on the head of the department to address the commission requesting an extension of the appointment already made. The power of the commission is confined to authorizing such extension, that is, to granting the same where it is requested by the officer under whom the provisional employee is serving. And it is only natural that it should be so. The commission is not in a position to know of the necessity and convenience of the services of the employee. The head of the department makes the provisional appointment and when he wishes to extend the same in the interest of the service, he must request authorization for an extension of the appointment.

The letter of July 11, 1933, was definitively answered on August 10 of the same year, and in our opinion, the commission lacked power to authorize a new extension without its having been requested by the head of the department. Nor can the commission extend, in our judgment, a term which has already expired. As we have seen, the communication purporting to grant a new extension was not written while the appointment was in force, but after its expiration. It was not the intention of the law to authorize said organization to grant extensions *motu proprio*, without the intervention of the appointing power. It is for the head of the department to determine whether or not the services of the

provisional employee are necessary and whether it is convenient to the public interest that he should continue holding office. The Civil Service Commission is not in a position to determine whether or not such necessity exists, because its functions do not enable it to do so, since they are of a very different character.

Section 24 of the Civil Service Act reads as follows:

"All provisional appointments shall continue only until the establishment of a re-employment or employment list and in no case shall such appointments exceed a total of four months nor shall any person receive more than one provisional appointment, or serve more than four months, as a provisional appointee in any one fiscal year, except as specifically authorized by the Commission."

The appointing power cannot make any provisional appointment for more than four months without the authorization of the Civil Service Commission. The provision above transcribed is too clear on that point to need judicial construction. As we have already said, this provision only vests in the commission the power to authorize extensions, but not to issue them at will.

■ We do not agree with the appellee's contention that the commissioner impliedly consented to the extension issued by the commission and that he is therefore precluded from denying its validity. It is true that notice was given and leave of absence was granted to the petitioner in order that he could take the test, and that the necessary questions were prepared therefore; but it is also true that the communication sent on August 22, 1933, by the Chairman of the Commission to the petitioner, through the commissioner, requesting him to appear at the office of the commission to take the test, urged him to appear as said office before August 31, the date of expiration of the term for which the last extension had been granted in favor of the petitioner. The message addressed to the latter by the Assistant Commissioner of the Interior on August 24, reads thus:

"Your presence here urgently requested to take civil service test before the 31st of the present month."

The leave of absence authorizing the appellee to absent himself from his office during the time he was taking said test, was granted on August 25, that is, six days before the aforesaid term expired. The necessary questions for the examination were also prepared prior to the expiration of said term. As we stated before, there is nothing in the record to show any responsibility on the part of the Department of the Interior for the appellee's failure to take the said test before the expiration of the term. Nor does it appear that the appellee during the year and a half in which he provisionally filled the position of surveyor, had requested the commission to provide for such test.

In these circumstances, we are of opinion that, as the term of the last provisional appointment made in favor of the petitioner had expired without his having taken and passed, during such term, or during the previous long period in which successive provisional appointments were made in his favor, the test to which he was entitled in order to permanently hold the office of surveyor in the Division of Public Lands and Archives, the Commissioner of the Interior did not act in violation of law in not making a new provisional appointment in favor of the appellee and in not requesting authorization therefor from the commission, since the appointments made were all conditioned upon his taking said test during the term of the appointment. As the appellee took and passed the aforesaid test after he had ceased in his functions as a provisional employee, he is not entitled to be reinstated in the above-mentioned position.

The judgment appealed from must be reversed and another rendered instead denying the petition, without special imposition of costs.

Mr. Justice Travieso took no part in the decision of this case.